DOCTORS MEMORIAL HOSPITAL, INC.

*v.*

TOM WOODRUFF, *et al.*,

PAULETTE WHEELER, *et al.*

(No. 14372)

Decided July 10, 1980.

*Lee Adler, Grant Crandall, Crandall, Pyles & Crandall,* for appellants.

No appearance for appellee.

PER CURIAM:

This is an appeal by six individuals who were found guilty by the Circuit Court of McDowell County of violating the provisions of an injunction regulating the activities of picketers at a strike site. Five of the six appellants were sentenced to the county jail; the sixth, Tom Woodruff, was fined. Among other points, the appellants contend that the trial court erred in failing to make findings of fact or conclusions of law, thereby rendering it impossible for the appellate court to review and consider the reasonableness of the trial court's decision. We agree.

In initiating this contempt proceeding, the appellee, Doctors Memorial Hospital, filed a motion supported by

an affidavit alleging that the appellants had, on a number of specific occasions, violated the terms of an injunction issued by the court. During the hearing in the case, the hospital introduced evidence unrelated to the specific matters charged in its motion for contempt and in the affidavit filed in support of that motion. At the conclusion of the hearing, the trial court made no formal findings of fact. The court simply found the appellants guilty of contempt.

Syllabus Point 1 of *Hendershot v. Hendershot,* ___ W.Va. ___, 263 S.E.2d 90 (1980) states:

> "A contempt will be deemed criminal when a jail sentence is imposed and the contemnor is given no opportunity in the sentencing order for immediate release by purging himself of contempt by doing an act which is within his power to accomplish."

Clearly, the contempt proceedings in the case before us were criminal in nature. Five of the six appellants were sentenced to a jail term, and the sixth was fined.

It has long been the rule in this State that proof in a criminal contempt proceeding must be beyond a reasonable doubt to sustain a finding of guilt. "A trial for criminal contempt is a quasi criminal proceeding, and the rules of evidence in criminal trials apply thereto. In such trial the guilt of the accused must be proved beyond reasonable doubt." Syllabus Point 2, *State ex rel. Continental Coal Co. v. Bittner,* 102 W.Va. 677, 136 S.E. 202 (1926). *Accord, Hendershot v. Hendershot, supra; Hendershot v. Handlan,* ___ W.Va. ___, 248 S.E.2d 273 (1978); *State ex rel. Browning v. Jarrell,* 156 W.Va. 256, 192 S.E.2d 493 (1972); *State ex rel. Cox v. Taft,* 143 W.Va. 106, 100 S.E.2d 161 (1957); *State ex rel. Hoosier Engineering Co. v. Thornton,* 137 W.Va. 230, 72 S.E.2d 203 (1952).

The facts in the case before us are similar to those in *State ex rel. Hoosier Engineering Co. v. Thornton, supra,* where the defendant union member was charged with violating an injunction obtained by an engineering company during a labor dispute. The defendant was found

guilty of contempt of court and this Court reversed the conviction on the basis of insufficient evidence. The Court proceeded, however, to discuss numerous other allegations of error committed by the trial court, the one relevant to this case being that the court admitted evidence of violations of which defendant was not informed or charged. Finding prejudicial error in such admission, the Court said:

> "To hold that any violation of an injunction decree can be proved if it occurred after service of notice of the issuance of the injunction, whether or not charged in any pleading, would be tantamount to holding that a defendant could be convicted upon proof without having had any notice of the charge against which he was entitled to defend himself." [137 W.Va. at 239, 72 S.E.2d at 208].

And Syllabus Point 2 of the same case states:

> "In a prosecution for contempt of court for an alleged violation of an injunction decree, not committed in the presence of the court, the defendant is entitled to be fully and plainly informed of the character and cause of the accusation."

The contemnor must have been charged with a specific act of contempt, and the affidavit or information must allege the act constituting the offense with as great a certainty as is required in criminal proceedings. *Hoosier, supra.* Implicit in these requirements is that one cannot be convicted of violating something of which he has not been adequately charged.

It is clear from the record of the case before us that the court permitted introduction of evidence of incidents of which the appellants had not been charged. It is also clear from the court's closing colloquy that the court took into consideration the evidence of events other than those charged, in finding the defendants guilty.

We conclude that because the trial court made no findings of fact, in direct contravention of Rule 52(a) of the

West Virginia Rules of Civil Procedure; because it is not clear from the record what standard of proof the court used in finding the defendants guilty of contempt; and because the court relied in part upon proof of charges other than those originally filed against defendants, that the contempt convictions cannot stand.

For the reasons set forth above, the judgment of the Circuit Court of McDowell County is reversed.

*Reversed.*