ANN S. SHELTON AND ROBERT F. SHELTON, JR. v. MOREHEAD MEMORIAL HOSPITAL, LINDA T. ROSS, ADMINISTRATRIX OF THE ESTATE OF ROBERT J. ROSS, M.D., ROBERT P. SHAPIRO, M.D., STUART M. BERGMAN, M.D. AND THE BOARD OF TRUSTEES OF MOREHEAD MEMORIAL HOSPITAL, INCLUDING JOSEPH G. MADDREY, JOHN E. GROGAN, JAMES M. DALY, JR., ROY C. TURNER, JOYCE JOHNSON, WILLIAM O. STONE, JESSIE L. BURCHELL, GARLAND S. EDWARDS, WILLIAM R. FRAZIER AND GERALD JAMES, INDIVIDUALLY, AND THE EXECUTIVE COMMITTEE OF THE MEDICAL STAFF OF MOREHEAD MEMORIAL HOSPITAL, INCLUDING SHELTON DAWSON, M.D., EDWARD L. GROOVER, M.D., BARRY L. BARKER, M.D., DAVID LEE CALL, M.D., JOHN R. EDWARDS, M.D. AND JAMES B. PARSONS, M.D., INDIVIDUALLY

No. 8417SC1214

(Filed 6 August 1985)

1. Evidence § 29.3— medical malpractice action—materials held by executive committee of medical staff—not discoverable

In an action in which plaintiffs alleged that the hospital knew prior to plaintiff's injury that two doctors were incompetent and unfit to practice medicine, the minutes, proceedings, and materials held by the Executive Committee of the Medical Staff of the hospital were not discoverable pursuant to G.S. 131E-95.

2. Evidence § 29.3— medical malpractice action—chief executive officer of hospital served with subpoena duces tecum—properly quashed

In an action in which plaintiffs alleged that defendant hospital knew prior to plaintiff's injury that two doctors were incompetent, the trial court properly quashed a subpoena served on the Chief Executive Officer of the hospital where the CEO had attended meetings of the Executive Committee of the Medical Staff. To allow plaintiffs to depose the CEO of the hospital to obtain privileged information that could not be obtained directly from the hospital would circumvent the legislative intent of G.S. 131E-95.

3. Hospitals § 6; Evidence § 29.3— medical malpractice action—minutes of hospital board of trustees—not privileged

In an action in which plaintiffs alleged that the hospital knew prior to plaintiff's injury that two doctors were incompetent, the trial court erred in its conclusion that the minutes and records of the Board of Trustees were barred from discovery by G.S. 131E-95 where the members of the Board of Trustees were not charged with peer review functions. G.S. 131E-76(5).

APPEAL by plaintiffs from *Morgan, Judge.* Order entered 3 August 1984 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 4 June 1985.

On or about 5 January 1983, Robert J. Ross, M.D., deceased, performed a total hysterectomy upon Ann S. Shelton, plaintiff. During the course of the operation, plaintiff's bladder was inadvertently cut or damaged thus allowing urine to pass involuntarily through the vagina. Plaintiff was dismissed from the hospital on 11 January 1983, however, the problem persisted. On 20 January 1983, Dr. Ross inserted a catheter and on 21 January 1983, plaintiff underwent a cystourethrogram performed by Carl W. Nash, M.D. This procedure revealed a vesciovaginal fistula, or an opening between the bladder and vagina. On 23 January 1983, plaintiff was referred to Stuart M. Bergman, M.D., a urologist practicing in Martinsville, Virginia. Dr. Bergman attempted unsuccessfully to remove two sutures which held the hole open. Upon the advice and recommendation of Dr. Bergman and Dr. Ross, plaintiff underwent major surgery in Martinsville, Virginia in an attempt to repair the vesciovaginal fistula. Plaintiff was discharged from the hospital on 5 February 1983, and in a day or so again became unable to control the passage of her urine. On 24 February 1983, plaintiff underwent a second cystourethrogram in Martinsville which revealed that Dr. Bergman's earlier attempt to repair the vesciovaginal fistula had been unsuccessful. On 9 March 1983, a third cystourethrogram was performed which revealed that plaintiff's condition was unchanged. On 1 May 1983, plaintiff was admitted to Wesley Long Memorial Hospital in Greensboro, N. C. where Alfred H. Garvey, M.D. performed the surgery to repair the vesciovaginal fistula.

On 12 January 1984, plaintiff Ann S. Shelton and her husband Robert F. Shelton filed this civil action against Morehead Memorial Hospital, the estate of Robert J. Ross, M.D. (Dr. Ross died in an automobile accident on 13 October 1983), and others. Plaintiffs allege seven separate causes of action, and seek an award of both compensatory and punitive damages. The allegation with which this appeal is concerned is contained in counts three and five of the complaint. Plaintiffs allege that the Hospital, the Board of Trustees, and the Executive Committee of the Medical Staff knew prior to plaintiff's injury that Dr. Ross and Dr. Shapiro, who assisted Dr. Ross in the initial surgery, were incompetent and un-

fit to practice medicine, and that Drs. Ross and Shapiro had repeatedly violated the hospital's prescribed standards of care.

On or about 19 March 1984, plaintiffs served requests for discovery upon the various defendants. Plaintiffs sought to discover (1) personnel records including documents relating to the investigation of Dr. Ross' and Dr. Shapiro's credentials; (2) all records, minutes and documents of the peer review committee and/or the Executive Committee of the Medical Staff; (3) all incident reports; (4) all minutes and records of the Board of Trustees; and (5) all policies, procedures and guidelines relating to risk management and prescribed standards of care at Morehead Memorial Hospital. Plaintiffs served the former Executive Director of the Hospital, L. Amos Tinnell, with a subpoena duces tecum directing him to produce all relevant documents, minutes, notes, and memoranda in his possession concerning medical staff committee proceedings regarding Dr. Ross, Dr. Shapiro, and all Board of Trustees meetings concerning Dr. Ross.

Defendant hospital answered plaintiffs' interrogatories, and objected to the request on the basis that the information being sought by plaintiffs was privileged pursuant to G.S. 131E-95. The other defendants did not answer or produce any documents, rather they filed a motion for a Protective Order. Mr. Tinnell moved for a Protective Order to quash the subpoena duces tecum and to limit the scope of his deposition to matters not privileged pursuant to G.S. 131E-95.

Plaintiffs filed a motion to compel discovery. The trial court denied the motion, quashed plaintiffs' subpoena duces tecum and ordered that Mr. Tinnell should not produce for plaintiffs any information without the permission of the hospital. The trial court also ordered defendant hospital to produce all the requested documents under seal for delivery to the Court of Appeals for review of this action. From the trial court's order, plaintiffs appeal.

*Graham, Cooke, Miles & Bogan, by Donald T. Bogan, for plaintiffs appellants.*

*Tuggle, Duggins, Meschan & Elrod, P.A., by Joseph E. Elrod, III, J. Reed Johnston, Jr. & Sally A. Lawing, for defendants appellees.*

JOHNSON, Judge.

[1]   Plaintiffs assign error to the trial court's conclusion of law that (1) G.S. 131E-95 bars from discovery the materials, documents, and reports of Medical Review Committees; (2) G.S. 131E-95 bars a former Executive Director of a Hospital from testifying regarding Medical Review Committee proceedings and Board of Trustees proceedings; and (3) there is a common law privilege which bars from discovery hospital or medical staff committee proceedings or documents.

G.S. 131E-76(5) defines a Medical Review Committee as

A Committee of a State or local professional society, of a medical staff of a licensed hospital or a committee of a peer review corporation or organization which is formed for the purpose of evaluating the quality, cost of, or necessity for hospitalization or health care, including medical staff credentialing.

The committee charged with medical review function at Morehead Memorial Hospital is the Executive Committee of the Medical Staff which consist of "the officers of the Medical Staff, and the chairmen of all standing committees. The chairman of the Board of Trustees and the Hospital Chief Executive Officer shall be invited to attend meetings of this committee." Bylaws of the Medical and Dental Staff of Morehead Memorial Hospital, April 20, 1978. G.S. 131E-95(b) provides that

the proceedings of a medical review committee, the records and materials it produces and the materials it considers shall be confidential . . . and shall not be subject to discovery or introduction into evidence in any civil action against a hospital or a provider of professional health services which results from matters which are the subject of evaluation and review of the committee. . . .

The purpose of the statute is to ensure that members of Medical Review Committees may be candid and objective in peer investigations. The statute represents a legislative choice between medical staff candor and plaintiff's access to evidence. *Cameron v. New Hanover Mem. Hosp.*, 58 N.C. App. 414, 293 S.E. 2d 901, appeal dismissed; *cert. denied*, 307 N.C. 127, 297 S.E. 2d 399 (1982). Plaintiffs argue that the information they seek to discover is not

privileged pursuant to 131E-95 since the information did not "[result] from matters which are the subject of evaluation and review of the committee. . . ." Plaintiffs contend that the information held by the Executive Committee of the Medical Staff related to matters of credentials and competence, and that the information they seek to discover relates to a medical malpractice action. This contention is without merit. To allow plaintiffs access to the information compiled by the Executive Committee of the Medical Staff of the Hospital would clearly contravene the language and purpose of G.S. 131E-95. It would discourage the objectivity and candor that the legislature has deemed vital to the peer review process. We hold that the minutes, proceedings, and materials held by the Executive Committee of the Medical Staff of Morehead Memorial Hospital are not discoverable pursuant to G.S. 131E-95.

[2]   Plaintiffs sought to discover privileged information from the former Chief Executive Officer (CEO) of Morehead Memorial Hospital by serving him with a subpoena duces tecum. The trial judge properly quashed plaintiffs' subpoena duces tecum. As Chief Executive Officer of the Hospital, Mr. Tinnell was invited to and did attend meetings of the various committees of Morehead Memorial Hospital, including meetings of the Executive Committee of the Medical Staff. The record tends to show that Mr. Tinnell actively participated in the investigation of Dr. Ross as evidenced by a letter from Mr. Tinnell which contained information "reviewed only by our Executive Committee of the Medical Staff." To allow plaintiffs to depose the former CEO of Morehead Memorial Hospital to obtain privileged information that could not be obtained directly from the Hospital would circumvent the legislative intent of G.S. 131E-95. The statute is explicit in its reference to persons in attendance at meetings. "No person who was in attendance at a meeting of the Committee shall be required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings. . . ." For the aforementioned reason, we find no error in the trial judge's order to quash plaintiffs' subpoena duces tecum.

[3]   Ancillary to plaintiffs' motion to discover minutes and records of the Executive Committee was a motion to discover the records, minutes and materials of the Board of Trustees. Defendants contend that the Board of Trustees at Morehead Memorial

Hospital functions like a Medical Review Committee and therefore proceedings of the Board are privileged pursuant to G.S. 131E-95. We find no merit in this contention. A careful reading of the bylaws of the Medical and Dental Staff of Morehead Memorial Hospital shows that the Board of Trustees and the Executive Committee of the Medical Staff are distinctly different entities which serve different functions. The duties of the Executive Committee of the Medical Staff of Morehead Memorial Hospital include "to receive reports regarding the performance and clinical competence of staff members and as a result of such review to make recommendations for reappointments and renewal of or changes in clinical privileges." Bylaws of the Medical and Dental Staff of Morehead Memorial Hospital, April 20, 1978. The members of the Board of Trustees are not charged with peer review functions. The statute is specifically designed to protect those persons who provide information about their peers in the medical profession. The Board of Trustees does not meet that criterion and is thus not within the scope of G.S. 131E-76(5). Therefore, we hold that the trial court erred in its conclusion that the minutes and records of the Board of Trustees are barred from discovery pursuant to G.S. 131E-95.

The disposition of the first and second assignments of error renders plaintiffs' third assignment of error moot. The common law privilege which plaintiffs assert has been codified in G.S. 131E-95. See discussion of plaintiffs' first assignment of error, *supra*. Such privilege does not apply to the Board of Trustees since it has been determined that a Board of Trustees is not within the contemplation of G.S. 131E-76(5) which defines a Medical Review Committee.

Affirmed in part.

Reversed in part.

Judges WELLS and COZORT concur.