421 S.E.2d 264

**STATE ex rel. Teresa Fearnow
SHROADES, Petitioner,**

v.

**Honorable Patrick G. HENRY,
Judge of the Circuit Court
of Berkeley County.**

No. 21167.

Supreme Court of Appeals of
West Virginia.

Submitted July 7, 1992.

Decided July 22, 1992.

Laura R. Coltelli, Preiser, Tabor, Lindsay & Coltelli, Martinsburg, for petitioner.

Herbert G. Underwood, Irene M. Keeley, Gordon H. Copland, Steptoe & Johnson, Clarksburg, for City Hosp., Inc., defendant below.

NEELY, Justice:

Teresa Fearnow Shroades petitions this Court to prohibit the Honorable Patrick G. Henry, Judge of the Circuit Court of Berkeley County from enforcing an order refusing Ms. Shroades access to certain materials held by City Hospital, Inc., one of the defendants in a medical malpractice case arising from the death of Anal Russell Fearnow. The circuit court upheld City Hospital's claim that the requested materials are privileged as a medical review organization's records under *W.Va.Code*, 30–3C–1 [1975] *et seq.* On appeal, Ms. Shroades contends that the circuit court should not have upheld City Hospital's broad privilege claim, but should have examined the requested documents *in camera* to determine whether each document was, in fact, privileged. Based on the information provided, we find that the circuit

court should have held an *in camera* examination to determine if the requested documents are privileged under *W. Va. Code,* 30–3C–1 *et seq.* [1980].

## I.

On 14 June 1988, Ms. Shroades filed a wrongful death action against City Hospital, Harry Scott, M.D., Cara May, R.N., Tammy Jurek, R.N. and Todd Way claiming that their negligence caused the death of Anal Russell Fearnow. During discovery, Ms. Shroades requested City Hospital to produce the following documents: (1) all service records, including the personnel files of the individual defendants, and (2) all evaluation reports for the individual defendants, (3) all documents concerning an alleged failure to complete timely the deceased's medical reports, (4) all documents concerning the pharmacy and therapeutics committee, (5) data concerning adverse drug reactions, (6) results of in-house investigations concerning drug administration, (7) recommendations of the quality assurance committee concerning drug administration, (8) reports of the quality assurance committee, (9) minutes of any special meeting investigating the incident, (10) agendas for medical staff meetings, and (11) reports of professional review action by the West Virginia Board of Examiners.[1]

Asserting that the requested materials listed above in (1) through (11) are part of peer review and, therefore, privileged under *W. Va. Code,* 30–3C–1 [1975] *et seq.,* City Hospital objected.[2] After the circuit court declined to hold an *in camera* examination of the requested material[3] and refused to grant Ms. Shroades' motion to compel, Ms. Shroades petitioned this Court for a writ of prohibition seeking to stop the circuit court from enforcing its order. We conclude

that the protective order as drawn was unnecessarily broad; consequently, the writ of prohibition prayed for is granted.

## II.

The scope of discovery in civil cases is broad; however, privileged material is not subject to discovery. Rule 26(b)(1) of the West Virginia Rules of Civil Procedure [1988] provides, in pertinent part, that the "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...."

In 1980, the legislature created a privilege for the records of peer review organizations in the medical profession by enacting *W. Va. Code,* 30–3C–3 [1980], which provides:

The proceedings and records of a review organization shall be confidential and privileged and shall not be subject to subpoena or discovery proceedings or be admitted as evidence in any civil action arising out of the matters which are subject to evaluation and review by such organization and no person who was in attendance at a meeting of such organization shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such organization or as to any findings, recommendation, evaluations, opinions or other actions of such organization or any members thereof: Provided, That information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any civil action merely because they were presented during proceedings of such organization, nor should any per-

---

1. In the present case, City Hospital produced the decedent's medical records, the incident report of the decedent's death, the hospital's by-laws, the hospital's utilization review plan and quality assurance plan. On appeal, only the hospital's by-laws were included with the petition. None of these documents are currently at issue.

2. The record indicates that the circuit court refused to disclose the material on failure to complete timely the medical records, not because that material was privileged, but because

that material was not relevant under Rule 26 of the West Virginia Rules of Civil Procedure [1988].

3. Although City Hospital maintains that Ms. Shroades failed to request an *in camera* hearing, the record indicates that the circuit court decided that the privilege extended to any disclosure, even to the court. Transcript July 26, 1991 hearing at 23.

son who testifies before such organization or who is a member of such organization be prevented from testifying as to matters within his knowledge, but the witness shall not be asked about his testimony before such an organization or opinions formed by him as a result of said organization hearings: Provided, however, That an individual may execute a valid waiver authorizing the release of the contents of his file pertaining to his own acts or omissions, and such waiver shall remove the confidentiality and privilege of said contents otherwise provided by this section: Provided, further, That upon further review by any other review organization, upon judicial review of any finding or determination of a review organization or in any civil action filed by an individual whose activities have been reviewed, any testimony, documents, proceedings, records and other evidence adduced before any such review organization shall be available to such further review organization, the court and the individual whose activities have been reviewed. The court shall enter such protective orders as may be appropriate to provide for the confidentiality of the records provided the court by a review organization and all papers and records relating to the proceedings had before the reviewing court.

A review organization is defined by *W.Va.Code*, 30–3C–1 [1975] as: "[1] any committee or organization engaging in peer review, ... [2] any committee or organization established pursuant to a medical assistance program ... [3] any committee established by one or more state or local professional societies or institutes, to gather and review information relating to the care and treatment of patients for the purposes of (i) evaluating and improving the quality of health care rendered; (ii) reducing morbidity or mortality; or (iii) establishing and enforcing guidelines designed to keep within reasonable bounds the cost of health care ... [, 4] any hospital board committee, or organization reviewing the professional qualifications or activities of its medical staff or applicants for admission thereto, and [5] any professional standards review organizations established or required under state or federal statutes or regulations." [4]

In *Daily Gazette Co., Inc. v. W.Va. Bd. of Medicine*, 177 W.Va. 316, 352 S.E.2d 66 (1986) (holding that public disclosure is permitted when the records of a peer review committee are utilized by the West Virginia Board of Medicine), we accorded "confidentiality to the peer review procedure." *Id.*, 177 W.Va. at 322, 352 S.E.2d at 72. In *Daily Gazette*, we noted that "it seems evident that the legislature enacted these provisions with the ultimate purpose of improving the quality of medical care provided in the hospitals of this State." *Id.*, 177 W.Va. at 322, 352 S.E.2d at 71. *See Mahmoodian v. United Hospital Center, Inc.*, 185 W.Va. 59, 65, 404 S.E.2d 750, 756 (1991), *cert. denied* —— U.S. ——, 112 S.Ct. 185, 116 L.Ed.2d 146 (1991), (noting that this Code section "evinces a public policy encouraging health care professionals to monitor the competency and professional conduct of their peers in order to safeguard and improve the quality of patient

**4.** The following is the complete definition provided in *W.Va.Code*, 30–3C–1 [1975]:

"Review organization" means any committee or organization engaging in peer review, including a hospital utilization review committee, a hospital tissue committee, a medical audit committee, a health insurance review committee, a hospital plan corporation review committee, a professional health service plan review committee or organization, a dental review committee, a physicians' advisory committee, a podiatry advisory committee, a nursing advisory committee, any committee or organization established pursuant to a medical assistance program, and any committee established by one or more state or local professional societies or institutes, to gather and review information relating to the care and treatment of patients for the purposes of (i) evaluating and improving the quality of health care rendered; (ii) reducing morbidity or mortality; or (iii) establishing and enforcing guidelines designed to keep within reasonable bounds the cost of health care. It shall also mean any hospital board committee, or organization reviewing the professional qualifications or activities of its medical staff or applicants for admission thereto, and any professional standards review organizations established or required under state or federal statutes or regulations.

care"). In *Daily Gazette,* we also quoted from *Jenkins v. Wu,* 102 Ill.2d 468, 82 Ill.Dec. 382, 388, 468 N.E.2d 1162, 1168 (1984) (holding a similar peer review confidentiality statute did not deny the plaintiffs equal protection) that "[T]he purpose of this legislation is not to facilitate the prosecution of malpractice cases." *Id.,* 177 W.Va. at 322, 352 S.E.2d at 72. The peer review privilege represents a legislative choice between medical staff candor and the plaintiff's access to evidence.[5]

▌ Although we recognize that *W.Va.Code,* 30–3C–1 [1975] *et seq.* creates a privilege for peer review organizations, we reject City Hospital's argument that the statute is so broad that it prohibits an *in camera* inspection of the requested material. In Syllabus Point 7, *Bennett v. Warner,* 179 W.Va. 742, 372 S.E.2d 920 (1988) (reversing a protective order prohibiting the deposing of the appellee's counsel) we said:

> Issuance of a broad protective order, based upon the assertion of a blanket privilege against discovery, without scrutiny of each proposed area of inquiry and without giving full consideration to a more narrowly drawn order constitutes abuse of discretion under West Virginia Rule of Civil Procedure 26(c).

In *State ex rel. McGraw v. West Virginia Judicial Review Board,* 164 W.Va. 363, 367, 264 S.E.2d 168, 171 (1980) (holding the protective order forbidding the deposition of the chairman of the Judicial Inquiry Commission on the grounds of blanket privilege was improper), we said: "A protective order may be given, but it must set forth the areas that are open to legitimate inquiry and the areas that are to be protected by inquiry."

Other jurisdictions have also refused to accept the blanket assertions of privilege and have required *in camera* hearings to determine if the documents are privileged. *See Monty v. Warren Hospital Corp.,* 422 Mich. 138, 366 N.W.2d 198, 200 (1985) (an *in camera* hearing "is necessary to determine whether the documents fall within statutory protection"); *State ex rel. Good Samaritan Hospital v. Maroney,* 123 Wis.2d 89, 365 N.W.2d 887, 893 (1985) (attorney chairperson of Wisconsin Patients Compensation Panel must review "*in camera* any information or documents which the hospital contended was privileged"); *Henry Mayo Newhall Memorial Hospital v. Superior Court,* 81 Cal.App.3d 626, 636–37, 146 Cal.Rptr. 542, 548 (1978) ("The trial court at an *in camera* hearing can ascertain what, if anything, has been the product of medical investigative committees"); *Goodspeed v. Street,* 747 S.W.2d 526 (Tex. App.1988) (finding error in failure to hold an *in camera* hearing); *Ray v. St. John's Health Care Corp.,* 582 N.E.2d 464 (Ind. App.1991).

▌ In the present case, we hold that as contemplated in Rule 26(c) of the West Virginia Rules of Civil Procedure[6], the cir-

---

5. The amicus briefs from the Joint Commission on Accreditation of Healthcare Organizations, and from the American Medical Association, the West Virginia State Medical Association and the West Virginia Hospital Association stress that confidential peer review is vital for hospital quality assurance. The amicus brief from the West Virginia Trial Lawyers Association stresses that because "the public ... has a right to every man's evidence" (*Trammel v. U.S.,* 445 U.S. 40, 50, 100 S.Ct. 906, 912, 63 L.Ed.2d 186 (1980)), the statute granting the privilege should be strictly construed.

6. Rule 26(c) of the West Virginia Rules of Civil Procedure [1988] provides that:

> Protective orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (1) That the discovery not be had;
> (2) That the discovery may be had only on specified terms and conditions, including a designation of the time or place;
> (3) That the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
> (4) That certain matters not be inquired into or that the scope of the discovery be limited to certain matters;
> (5) That discovery be conducted with no one present except persons designated by the court;
> (6) That a deposition after being sealed be opened only by order of the court;

cuit court should examine the requested materials in an *in camera* hearing.

### III.

■ The determination of which materials are privileged under *W.Va.Code,* 30–3C–1 [1975] *et seq.* is essentially a factual question and the party asserting the privilege has the burden of demonstrating that the privilege applies.

The rule [Rule 26(c)] requires that good cause be shown for a protective order. This puts the burden on the party seeking relief to show some plainly adequate reason therefor. The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause.

8 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 2035 at 264–65 (1970) (footnotes omitted). *See Vincent v. Preiser,* 175 W.Va. 797, 338 S.E.2d 398 n. 9 (1985); *Greenwood v. Wierdsma,* 741 P.2d 1079 (Wyo.1987) (requiring the party claiming privilege in a medical malpractice case to show that the privilege applies); *Matchett v. Superior Court for Yuba County,* 40 Cal.App.3d 623, 115 Cal.Rptr. 317 (1974).

■ *W.Va.Code,* 30–3C–3 [1980] provides that "[t]he proceedings and records of a *review organization shall be confidential* ... Provided, That *information, documents or records otherwise available from original sources are not to be construed as immune from discovery* or use

in any civil action *merely because they were presented* during proceedings of such [a review] organization...." (Emphasis added.) (*See supra* pp. 3–4 for the entire Code provision.) The language of the statute grants a privilege to all the records and proceedings of a review organization, but no privilege attaches to information, documents or records considered by a review organization if the material is "otherwise available from original sources." Material that originates in a review organization remains privileged even if held by a non-review organization [7] and material that originates in a non-review organization does not become privileged after presentation to a review organization. Therefore, material sought from a review organization is privileged; however if material is sought from a non-review organization, the origin of the document determines if it is privileged.

■ In determining privilege, the circuit court should first determine from whom the material is sought and, then, if necessary, the origin of the material. In the present case, the requested materials are either identified by committee or by document. The materials identified by committee include reports and recommendations of the quality assurance committee, documents of the pharmacy and therapeutics committee, minutes of any special meeting concerning the incident, and agendas for medical staff meetings.[8] In order to determine if materials identified by com-

---

(7) That a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way;

(8) That the parties simultaneously file specified documents or information enclosed in sealed envelopes to be open as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

7. In *Daily Gazette,* we held that the privilege for a review organization's records and proceedings ceases when the West Virginia Board of Medi-

cine determines that probable cause exists in disciplinary matters.

Under W.Va.Code, 30–3–14(*o*) (1986), if the West Virginia Board of Medicine makes a preliminary determination that probable cause exists to substantiate charges of disciplinary disqualification, all proceedings on such charges shall be open to the public who shall be entitled to all reports, records, and nondeliberative materials introduced at such hearing.

Syllabus Point 1, *Daily Gazette, supra.*

8. This group of materials also includes Ms. Shroades' requests that identified documents of the quality assurance committee by using the hospital's by-law that created the committee, namely, Article XII, Section 7.

mittee are privileged, the circuit court should examine City Hospital's by-laws to determine if the committee or organization is a "review organization" as defined in *W. Va. Code*, 30–3C–1 [1975]. For example, according to Article XII, Section 7, Subsection D of the hospital's by-laws, the quality assurance committee "shall collect data regarding adverse patient outcomes, investigate incident reports ... and is responsible for assuring that corrective actions are taken...." According to Subsection E, this committee "may request that corrective action be initiated...." Based on the by-laws' description the quality assurance committee is a "review organization" and its proceedings and records are confidential.

■ However when the by-laws do not clearly indicate that peer review is a function of the committee, the party asserting the privilege has the burden of presenting additional information. For example, according to Article XII, Section 6, Subsection A of the hospital's by-laws, the pharmacy and therapeutics committee monitors and evaluates the use of drugs. Given the general description of the function of this committee it is not clear if the committee is "engaging in peer review." The by-laws do not clearly specify if the special committee and the medical staff committee are "review organizations." Although the quality assurance committee reports to the medical staff executive committee (*see* Article XII, Section 7, Subsection 8 of the hospital's by-laws), the record is unclear if the medical staff committee engages in peer review. The record also does not outline the function of any special committee formed to investigate this particular incident. On remand the hospital can present additional information to show the functions of these committees.

In *Shelton v. Morehead Memorial Hospital*, 76 N.C.App. 253, 332 S.E.2d 499, 502 (1985), the North Carolina Court of Appeals also examined the hospital by-laws to determine if a committee was "charged with peer review functions." Other courts have also considered whether peer review is a function of a hospital's committee. The rule in Michigan is:

> [I]n deciding whether a particular committee was assigned a review function so that information it collected is protected, the court may wish to consider the hospital's bylaws and internal regulations, and whether the committee's function is one of current patient care or retrospective review.

*Monty v. Warren Hospital, supra* 366 N.W.2d at 202. *Accord, Coburn v. Seda*, 101 Wash.2d 270, 277, 677 P.2d 173, 178 (1984); *Davidson v. Light*, 79 F.R.D. 137, 140 (D.Colo.1978).

■ When discovery is sought by identifying existing documents or of documents held by a non-review organization, the party claiming the document is privileged should identify the document by name, date, custodian, source and reason for creation. The mere identification of the documents does not breach the confidentiality afforded by *W. Va. Code*, 30–3C–1 [1975] *et seq.*, because documents' contents, rather than their identity, may be protected from discovery. Other courts have also required the party asserting the privilege to identify the requested documents: *Shelton v. Morehead Memorial Hospital*, 318 N.C. 76, 347 S.E.2d 824, 831 (1986) ("[I]t may be necessary to identify not only the document by name and its custodian, but also the document's source and the reason for its creation"); *Monty v. Warren Hospital, supra* 366 N.W.2d at 201 ("we believe it is proper for the trial court to require identification of the documents by date and author").

In the present case, Ms. Shroades seeks the individual defendants' service records, personnel records, and evaluations. If these records contain documents created by and for a review organization then the review organization's documents remain privileged and not subject to discovery. However the non-privileged parts of a record are discoverable. On remand, in addition to submitting the requested documents for an *in camera* examination, City Hospital should identify the requested documents by name, date, custodian, source and reason

for creation and if a record contains a document that City Hospital claims is privileged, the record with the document and its identification should be submitted to the circuit court.

For the above stated reasons, the writ of prohibition is granted as moulded and the case is remanded for proceedings consistent with this opinion.

Writ granted as moulded.