579 S.E.2d 560

STATE of West Virginia ex rel. The WEST VIRGINIA SECONDARY SCHOOLS ACTIVITY COMMISSION, Petitioner,

v.

The Honorable John S. HRKO, Judge of the Circuit Court of Wyoming County, and Jeremy Raymond Hedinger, Respondents.

No. 30878.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 26, 2003.

Decided March 14, 2003.

William R. Wooton, The Wooten Law Firm, Beckley, for the Petitioner.

Warren R. McGraw, II, McGraw Law Offices, Prosperity, for the Respondents.

PER CURIAM.

The West Virginia Secondary Schools Activity Commission (hereinafter "the SSAC") seeks a writ of prohibition against the Honorable John S. Hrko, Judge of the Circuit Court of Wyoming County, based on an injunction he entered on behalf of the respondent, Jeremy Raymond Hedinger (hereinafter "Mr. Hedinger"). Having reviewed the parties' submissions and heard oral argument, we deny the writ. Further, we remand this case to the circuit court of Wyoming County for additional proceedings regarding the permanency of the injunction should either party seek to establish a meaningful record with respect thereto.

I.

FACTUAL AND PROCEDURAL HISTORY

We take our facts from the sparse record submitted to us by the parties.[1] Mr. Hedinger was a senior member of the Wyoming East High School football team. On September 20, 2002, he was ejected from a game for allegedly punching an opposing player. He

---

1. The only exhibits before us were submitted by the SSAC and consist of a "SPECIAL REPORT to the School Principal and the WVSSAC" and the injunction order from which this proceeding arises.

denies throwing the punches.[2] The SSAC suspended Mr. Hedinger from the next Wyoming East football game, scheduled for September 27, 2002, as required by W. Va.C.S.R. § 127–4–3.7.3 (2002). Prior to September 27, 2002, however, Mr. Hedinger filed a complaint for a temporary restraining order to allow him to play in that game. On September 26, 2002 Judge Hrko heard both the petition and the SSAC's motion to dismiss. Judge Hrko issued an injunction requiring the SSAC to provide Mr. Hedinger some type of hearing before imposing the prospective suspension. Additionally, Judge Hrko ordered Mr. Hedinger be allowed to play in the September 27th game. The SSAC then sought a writ of prohibition invoking this Court's original jurisdiction to prohibit Judge Hrko from enforcing the injunction. We granted a rule to show cause, but refused to stay the injunction.

## II.

## DISCUSSION

 "[T]he right to prohibition must be clearly shown before a petitioner is entitled to this extraordinary remedy." *Norfolk S. Ry. Co. v. Maynard,* 190 W.Va. 113, 120, 437 S.E.2d 277, 284 (1993). In the context of appeals we have said that "[w]hen an appeal has been granted and it appears from the face of the record that it was improvidently awarded, the case will be dismissed." Syl., *Angelo v. Rodman Trust, Inc.,* 161 W.Va. 408, 244 S.E.2d 321 (1978) (per curiam). We think this reasoning applies to the instant case. Thus, we find that the rule to show cause in this matter was improvidently granted.

## III.

## CONCLUSION

The petition for a writ of prohibition is denied. This case is remanded for additional proceedings regarding the permanency of the injunction should either party seek to estab-

lish a meaningful record with respect thereto.

Writ Denied.

Justice McGRAW, deeming himself disqualified, did not participate in the decision of this case.

Judge MURENSKY, sitting by temporary assignment.

Chief Justice STARCHER concurs and reserves the right to file a concurring opinion.

---

**2.** Mr. Hedinger says that while his ejection was factually erroneous, this dispute was "not the emphasis of [his] claim in the Circuit Court of Wyoming County[.]"