676 S.E.2d 156 (2009)
STATE of West Virginia ex rel. Nationwide Mutual Insurance Company, Petitioner,
v.
THE HONORABLE JOHN LEWIS MARKS, Jr., Judge of the Circuit Court of Harrison County, Respondent.
No. 34615.
Supreme Court of Appeals of West Virginia.
Submitted March 11, 2009.
Decided March 27, 2009.
*158 Walter M. Jones, III, Susan R. Snowden, Martin & Seibert, L.C., Martinsburg, for Nationwide Mutual Insurance Company.
David J. Romano, Rachel E. Romano, Romano Law Office, Clarksburg, for Terry and Victor George.
PER CURIAM:[1]
The petitioner herein, Nationwide Mutual Insurance Company (hereinafter "Nationwide Mutual"), seeks a writ of prohibition against the Honorable John Lewis Marks, Judge of the Circuit Court of Harrison County, based on an October 9, 2008, order that granted, in part, a motion to compel discovery filed by the plaintiffs below, Terry and Victor George (hereinafter "the Georges"), in the underlying civil action. Based upon the parties' arguments, the documents and briefs filed with this Court, and the pertinent authorities, we find that the circuit court committed no reversible error. Accordingly, we deny the writ of prohibition.

I.

FACTUAL AND PROCEDURAL HISTORY
The case before this Court is a writ of prohibition filed by Nationwide Mutual to prohibit the circuit court from ordering production of confidential settlement agreements. The facts of the underlying action are undisputed. Terry George was seriously injured in a car accident in August 2004 when a drunk driver crossed the center line of the highway and hit her car in a head-on collision. The same month of the accident, Nationwide Mutual, the Georges' automobile insurance provider, began its investigation into the accident. The automobile insurance policy with Nationwide Mutual provided for underinsured motorist coverage, which Nationwide tendered to the Georges in the amount of $25,000.00.
The Georges contend that Nationwide Mutual failed to make a reasonable offer of underinsured motorist coverage in an amount not less than the liability limits of $100,000.00 per person and $300,000.00 per accident. The Georges asserted first-party bad faith claims against Nationwide Mutual pursuant to W. Va.Code § 33-6-31(b)(1998) (Repl.Vol.2006).[2]
*159 During the prosecution of the first-party bad faith case, the Georges sent a discovery request to Nationwide Mutual, titled "Plaintiffs' 1st Combined Discovery Requests To Nationwide Mutual Insurance Company." Specifically relevant to this writ of prohibition action are two discovery requests, which state as follows:

Request No. 8: Has Defendant Nationwide at any time within the past 10(ten) years, in the State of West Virginia, paid any money or granted any other thing of value in order to settle, resolve, or to satisfy any judgment, claim, or allegation, either directly or indirectly, which: (1) asserted first-party unfair insurance claims settlement practices; (2) asserted other insurance bad faith settlement conduct of any kind or nature; or, (3) asserted violations of the West Virginia Unfair Trades [sic] Practices Act, W. Va.Code § 33-11-1, et seq., against Defendant Nationwide whether asserted by your insured or a third-party claimant? If the answer to this Request is in the affirmative, please provide the following information for each:
...
(e) The details of any settlement, resolution, verdict, judgment, or any other disposition of each such dispute, whether in writing or oral, and PRODUCE a copy of the same, if in writing. This request shall include any "confidential settlements" or "resolutions" for each such dispute.
....

Request No. 10: To the extent not PRODUCED pursuant to the immediately preceding two Requests above,[3] please PRODUCE each and every document which sets forth the details of any claims made against you for insurance bad faith conduct and/or violations of the Unfair Trade Practices Act (W. Va.Code § 33-11-1, et seq.), and its attendant regulations (114 CSR 14, et seq.), OR any other claim relating, in any way, to Defendant Nationwide's bad faith conduct in the insurance industry, whether said documents are correspondence, grievances, complaints made to any Insurance Commissioner of any State or complaints filed with any court and regardless of whether more than one document is necessary to set forth all such claims made against this Defendant; and, in each instance, please PRODUCE any documents which reflect any resolution or settlement of each and every claim made, including *160 documents which specify the amount of money paid to settle or resolve such claim, or which specifies other valuable consideration provided to resolve or settle such claim. This request shall include any "confidential settlements" or "resolutions" for each such claim; and, please PRODUCE any document or other tangible item related to each such settlement or resolution. This request is limited to matters occurring or resolved within the last ten (10) years.
(Footnote added).
Nationwide sought and was granted an extension to respond to the Georges' discovery requests. In its responses titled "Defendant Nationwide Mutual Insurance Company's Responses To Plaintiff[s'] First Combined Discovery Requests," Nationwide Mutual asserted numerous objections. The two responses of importance to the instant action before this Court are as follows:

RESPONSE TO REQUEST FOR PRODUCTION [8](e): OBJECTION. This request is compound, overly broad in time and scope, burdensome, oppressive, vague, ambiguous, and is designed solely to harass or to cause undue litigation expense to Nationwide. Moreover, the scope of the Request is such that it is not reasonably calculated to lead to the discovery of admissible evidence. This Request is also objectionable as it seeks information for periods of time unrelated to the instant claim. The Request as drafted seeks information that is not available to Nationwide, nor may such requested information be reasonably ascertained in the absence of a manual review of all Claim Files throughout West Virginia, such review being unduly burdensome. In addition, to the extent that this Request seeks information concerning confidential settlements that are subject to confidentiality agreements, said Request is beyond the permissible scope of discovery as it is contrary to West Virginia public policy and invades the privacy rights of third parties who have not consented to the release of such information. Furthermore, to the extent that any such settlements were achieved, any payments were made in compromise of disputed claims where liability was denied and not proven.
....

RESPONSE [to Request for Production 10]: OBJECTION. This Request is compound, overly broad in time and scope, burdensome, oppressive, vague, and ambiguous and is designed solely to harass or to cause undue litigation expense to Nationwide. Moreover, the scope of this Request is such that it is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this Request seeks information that is protected by the attorney-client privilege and the attorney work product, and also asks for documentation that may have been generated in anticipation of litigation and/or trial. This Request is also objectionable as it seeks information for periods of time unrelated to the instant claim. This Request as drafted asks for information that is not available to Nationwide, nor could such requested information be reasonably ascertained in the absence of a manual review of all claims throughout the United States, which review would be unduly burdensome. In addition, to the extent that this Request seeks information concerning confidential settlements that are subject to confidentiality agreements, said Request is beyond the permissible scope of discovery as it is contrary to West Virginia public policy and invades the privacy rights of third parties who have not consented to the release of such information. Moreover, to the extent that any such settlements were achieved, any payments were made in compromise of disputed claims where liability was denied and not proven and, thus, such payments were not made for punitive damages. Moreover, to the extent that any verdicts exist with respect to a jury award of punitive damages, said verdicts are matters of public record and are equally accessible to the Plaintiff. In addition, to the extent that this Request seeks information concerning extra-territorial conduct, this Request is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. [408, 123 S.Ct. 1513, *161 155 L.Ed.2d 585] (2003) (finding that extraterritorial conduct is not relevant unless it is "substantially similar" to the complained of conduct).
Subject to the above objections and without waiving the same, and reserving the right to further assert the individual or cumulative objections, response is made only with respect to West Virginia civil actions, and only to the extent of such materials as are within its immediate possession, custody or control and to the exclusion of such materials which are matters of public record and are equally accessible to the Plaintiffs. A list of civil actions, dating from 1997 to the present, attached hereto as Bates Numbers 599 through 643, and a list of West Virginia Department of Insurance complaints filed against Nationwide Mutual Insurance Company related to uninsured and underinsured motorist coverage for the allowable statutory period is attached hereto as Bates Numbers 718 through 735.
DISCLAIMER: These lists have been prepared by counsel employed by Nationwide to compile said lists for litigation purposes only. The above lists are historically incomplete, and are based upon the quality of judicial indexes [sic], the availability of data, and the limited ability to identify litigation and complaints within the parameters provided, including but not limited to Plaintiffs' requested date requirements. The identification of individual Nationwide entities or lines of insurance is also inexact as much of the data is identified only as Nationwide, and judicial indexes [sic] often identify the entity or line of insurance by the misnomer of Nationwide Insurance and, more frequently, the litigation has been filed against either the wrong entity or an inaccurately identified entity.
Subsequent to the objections by Nationwide, the Georges filed their "Motion To Compel Discovery From Defendant Nationwide Mutual Insurance Company And Request for Mandatory Attorneys' Fees And Costs," arguing that Nationwide Mutual's responses to the discovery requests were deficient, intentionally created to cause delay, done in bad faith, and calculated only to expand the proceedings in violation of the discovery rules. Nationwide Mutual responded and reiterated its previous objections to the requests.
The circuit court, on October 9, 2008, entered an order[4] titled "Order Pertaining To Plaintiffs' Motion To Compel Discovery From Defendant Nationwide Mutual Insurance Company." Of relevance to the writ of prohibition proceeding currently before this Court, the circuit court found as follows:
7. With regard to Request Number 8, Plaintiffs' Motion to Compel is GRANTED. Nationwide must completely respond to the interrogatory and requests for production but the Court believes a Protective Order is necessary concerning the "confidential settlements." Also, concerning the request for production, if this matter has not already been resolved by the Court's December 11, 2007, Order, Nationwide must produce to Plaintiffs all other documents that it does not deem privileged. Otherwise, Nationwide must promptly file a privilege log, with a copy submitted to Plaintiffs' counsel pursuant to State ex rel. Shroades v. Henry, 187 W.Va. 723, 421 S.E.2d 264 (1992). Nationwide must then produce all other documents it deems responsive to this request and privileged to the Court for in camera review.
....
9. With regard to Request Number 10, Plaintiffs' Motion to Compel is GRANTED insofar as Plaintiffs' request is limited to the State of West Virginia. The Court also believes a Protective Order is necessary concerning the "confidential settlements." *162 Further, if this matter has not already been resolved by the Court's December 11, 2007, Order, Nationwide must produce to Plaintiffs all other documents that it does not deem privileged. Otherwise, Nationwide must promptly file a privilege log, with a copy submitted to Plaintiffs' counsel pursuant to State ex rel. Shroades v. Henry, 187 W.Va. 723, 421 S.E.2d 264 (1992). Nationwide must then produce all other documents it deems responsive to this request and privileged to the Court for in camera review.
Nationwide Mutual now seeks a writ of prohibition from this Court, arguing that the lower court exceeded its judicial authority in the October 9, 2008, order. While Nationwide Mutual's discovery objections were broad at the circuit court level, only one narrow issue is before this Court: whether the circuit court exceeded its authority when it ordered production of confidential settlement agreements during a discovery dispute.[5]

II.

STANDARD FOR ISSUING A WRIT OF PROHIBITION
This matter comes before this Court as a writ of prohibition. It has been stated that "`[p]rohibition lies only to restrain inferior courts from proceedings in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers, and may not be used as a substitute for [a petition for appeal] or certiorari.' Syl. Pt. 1, Crawford v. Taylor, 138 W.Va. 207, 75 S.E.2d 370 (1953)." Syl. pt. 3, State ex rel. Hoover v. Berger, 199 W.Va. 12, 483 S.E.2d 12 (1996). Further guidance is provided as follows:
In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.
Syl. pt. 4, id. Moreover, "`[a] writ of prohibition is available to correct a clear legal error resulting from a trial court's substantial abuse of its discretion in regard to discovery orders.' Syllabus Point 1, State Farm v. Stephens, 188 W.Va. 622, 425 S.E.2d 577 (1992)." Syl. pt. 2, SER Medical Assurance of West Virginia, Inc. v. Recht, 213 W.Va. 457, 583 S.E.2d 80 (2003). See also Syl. pt. 2, in part, State ex rel. Peacher v. Sencindiver, 160 W.Va. 314, 233 S.E.2d 425 (1977) ("A writ of prohibition will not issue to prevent *163 a simple abuse of discretion by a trial court."). Mindful of these applicable guidelines, we will now consider the substantive issue raised herein.

III.

DISCUSSION
Nationwide Mutual sets forth several arguments in its petition for writ of prohibition. However, all of the asserted arguments center around the circuit court's decision to order production of confidential settlement agreements.[6] Nationwide asserts that such an order violates the public policy of the State of West Virginia and, further, that it violates the privacy rights of the third parties involved in those settlement agreements. The Georges argue[7] that such information, even if not ultimately admissible, is still discoverable[8] because it is the only avenue by which they may pursue investigation of other bad faith claimants and secure witnesses and documents for potential proof of Nationwide Mutual's general business practices.[9]
In this Court's recent opinion of State ex. rel Nationwide Mutual Insurance Co. v. Kaufman, 222 W.Va. 37, 658 S.E.2d 728 (2008), we held as follows:
The general procedure involved with discovery of allegedly privileged documents is as follows: (1) the party seeking the documents must do so in accordance with the reasonable particularity requirement of Rule 34(b) of the West Virginia Rules of Civil Procedure; (2) if the responding party asserts a privilege to any of the specific documents requested, the responding party shall file a privilege log that identifies the document for which a privilege is claimed by name, date, custodian, source and the basis for the claim of privilege; (3) *164 the privilege log should be provided to the requesting party and the trial court; and (4) if the party seeking documents for which a privilege is claimed files a motion to compel, or the responding party files a motion for a protective order, the trial court must hold an in camera proceeding and make an independent determination of the status of each communication the responding party seeks to shield from discovery.
Syl. pt. 2, id. In Kaufman, the circuit court ordered production of allegedly privileged documents for an in camera review, and Nationwide Mutual sought a writ from this Court to prevent the discovery of the documents. This Court denied the requested writ because the trial court did not order potentially privileged records be turned over to the plaintiff but, rather, ordered the records be submitted to the court for an in camera review. Thus, the Kaufman opinion found that a writ of prohibition was premature as the circuit court had not yet been allowed to review the documents in camera and to make its ruling regarding discoverability. The same is true in this case.
In its current petition for writ of prohibition, Nationwide Mutual asserts that the circuit court ordered production of the confidential settlement agreements. Nationwide Mutual's brief fails to accurately reflect the mandate of the circuit court's order.[10] The circuit court's order directed that all documents not deemed privileged by Nationwide Mutual be produced to the Georges. Further, for any documents deemed privileged by Nationwide, the circuit court ordered that a privilege log be created and that the documents be submitted to the circuit court for an in camera review. The circuit court entered a protective order in regard to the confidential settlement agreements. Thus, the circuit court did not simply order all of the requested documents be produced as alleged by Nationwide. The production is subject to both a protective order and to an in camera review for any allegedly privileged documents. Thus, the rule to show cause was improvidently granted. See SER West Virginia Secondary Schools Activity Comm'n v. Hrko, 213 W.Va. 219, 579 S.E.2d 560 (2003) (per curiam) (finding that rule to show cause was improvidently granted and denying writ). The writ of prohibition is, therefore, denied.[11]

IV.

CONCLUSION
Based on the foregoing, we find that the circuit court's October 9, 2008, order mandating an in camera review of any potentially confidential settlement agreements, as well as its entry of a protective order regarding the same, did not exceed its judicial authority. Accordingly, the writ requested is denied.
Writ Denied.
Senior Status Justice McHUGH, sitting by temporary assignment.
NOTES
[1] Pursuant to an administrative order entered March 23, 2009, the Honorable Thomas E. McHugh, Senior Status Justice, was recalled for temporary assignment to the Supreme Court of Appeals of West Virginia under the provisions of Article VIII, section 8 of the Constitution of West Virginia.
[2] W. Va.Code § 33-6-31(b)(1998) (Repl.Vol.2006) provides as follows:

(b) Nor shall any such policy or contract be so issued or delivered unless it shall contain an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of section two [§ 17D-4-2], article four, chapter seventeen-d of this code, as amended from time to time: Provided, That such policy or contract shall provide an option to the insured with appropriately adjusted premiums to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle up to an amount of one hundred thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, in the amount of three hundred thousand dollars because of bodily injury to or death of two or more persons in any one accident and in the amount of fifty thousand dollars because of injury to or destruction of property of others in any one accident: Provided, however, That such endorsement or provisions may exclude the first three hundred dollars of property damage resulting from the negligence of an uninsured motorist: Provided further, That such policy or contract shall provide an option to the insured with appropriately adjusted premiums to pay the insured all sums which he shall legally be entitled to recover as damages from the owner or operator of an uninsured or underinsured motor vehicle up to an amount not less than limits of bodily injury liability insurance and property damage liability insurance purchased by the insured without setoff against the insured's policy or any other policy. Regardless of whether motor vehicle coverage is offered and provided to an insured through a multiple vehicle insurance policy or contract, or in separate single vehicle insurance policies or contracts, no insurer or insurance company providing a bargained for discount for multiple motor vehicles with respect to underinsured motor vehicle coverage shall be treated differently from any other insurer or insurance company utilizing a single insurance policy or contract for multiple covered vehicles for purposes of determining the total amount of coverage available to an insured. "Underinsured motor vehicle" means a motor vehicle with respect to the ownership, operation or use of which there is liability insurance applicable at the time of the accident, but the limits of that insurance are either: (i) Less than limits the insured carried for underinsured motorists' coverage; or (ii) has been reduced by payments to others injured in the accident to limits less than limits the insured carried for underinsured motorists' coverage. No sums payable as a result of underinsured motorists' coverage shall be reduced by payments made under the insured's policy or any other policy.
[3] Request Number 9, while not at issue before this Court, was identical to Request Number 8, with the distinction of the information being sought for actions "in any State other than the State of West Virginia[.]"
[4] Prior to the October 9, 2008, order, the circuit court issued a letter dated June 3, 2008. This letter made final rulings, granted the Motion to Compel on the relevant requests before this Court, and ordered Nationwide Mutual to completely respond to the requests for production of documents. The trial court's letter also issued a protective order concerning the confidential settlement agreements and directed a draft order be prepared by the Georges. There was disagreement over the language in the draft order, so Nationwide Mutual submitted its own version of an order. The October 9, 2008, order entered by the circuit court was the order drafted by Nationwide Mutual.
[5] This Court takes notice that, in the underlying proceeding before the trial court, Nationwide Mutual objected to the relevant discovery requests on the additional basis that the requests were overly broad, oppressive, and burdensome. Further, during oral argument before this Court, in response to a direct question from this Court regarding the asserted arguments, Nationwide Mutual again stated that its argument is that the documents are confidential, but also that the request is overly burdensome. However, the only argument contained in the writ of prohibition filed with this Court is that production of the documents is improper due to their confidential nature. Nationwide Mutual failed to brief the issue of the discovery requests being overly burdensome and, therefore, failed to provide a basis for this Court to determine the merits of the request. See State v. LaRock, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered[.]" (citation omitted)). As this issue is not properly before the Court in this proceeding, we will not further address the matter.
[6] See note 5, supra.
[7] In addition, the Georges also argue that the writ of prohibition is improper in violation of this Court's recent reiteration in Syllabus point 5 of River Riders, Inc. v. Steptoe, 223 W.Va. 240, 672 S.E.2d 376 (2008), stating that

"[a] party seeking to petition this Court for an extraordinary writ based upon a non-appealable interlocutory decision of a trial court, must request the trial court set out in an order findings of fact and conclusions of law that support and form the basis of its decision. In making the request to the trial court, counsel must inform the trial court specifically that the request is being made because counsel intends to seek an extraordinary writ to challenge the court's ruling. When such a request is made, trial courts are obligated to enter an order containing findings of fact and conclusions of law. Absent a request by the complaining party, a trial court is under no duty to set out findings of fact and conclusions of law in non-appealable interlocutory orders." Syllabus Point 6, State ex rel. Allstate Ins. Co. v. Gaughan, 203 W.Va. 358, 508 S.E.2d 75 (1998).
While Nationwide Mutual did not make such a request from the trial court, we find the October 9, 2008, order from the trial court complete and able to withstand scrutiny in this extraordinary action.
[8] However, we note that some types of evidence, while relevant and helpful to the litigation, are not discoverable. See Syl. pt. 2, State of West Virginia ex rel. Allstate Ins. Co. v. Madden, 215 W.Va. 705, 601 S.E.2d 25 (2004) ("`In clear language, Rule 26 of the West Virginia Rules of Civil Procedure provides that privileged matters, although relevant, are not discoverable. As a result of this rule, many documents that could very substantially aid a litigant in a lawsuit are neither discoverable nor admissible as evidence. In determining what privileges or protections are applicable, we are obligated to look both at the rules themselves and to our statutory and common law.' Syllabus point 12, SER Medical Assurance of West Virginia, Inc. v. Recht, 213 W.Va. 457, 583 S.E.2d 80 (2003)."). While the Georges argue that the information sought in discovery is not privileged but, rather, is only confidential, this opinion does not reach that issue and should not be construed as making such a decision.
[9] See Syl. pt. 3, Dodrill v. Nationwide Mut. Ins. Co., 201 W.Va. 1, 491 S.E.2d 1 (1996) ("`More than a single isolated violation of W. Va.Code, 33-11-4(9), must be shown in order to meet the statutory requirement of an indication of "a general business practice," which requirement must be shown in order to maintain the statutory implied cause of action.' Syllabus point 3, Jenkins v. J.C. Penney Casualty Insurance Company, 167 W.Va. 597, 280 S.E.2d 252 (1981) [, overruled on other grounds by State ex rel. State Farm Fire & Cas. Co. v. Madden, 192 W.Va. 155, 451 S.E.2d 721 (1994)]."). See also Syl. pt. 4, State Farm Mut. Auto. Ins. Co. v. Stephens, 188 W.Va. 622, 425 S.E.2d 577 (1992) ("The question of the relevancy of the information sought through discovery essentially involves a determination of how substantively the information requested bears on the issues to be tried. However, under Rule 26(b)(1) of the West Virginia Rules of Civil Procedure, discovery is not limited only to admissible evidence, but applies to information reasonably calculated to lead to the discovery of admissible evidence.").
[10] This Court is troubled by Nationwide Mutual's failure to accurately reflect the circuit court's rulings in its petition for writ of prohibition to this Court. Acceptance of cases involving such extraordinary remedies is based on this Court's review of the petition requesting the same. Thus, it is imperative that any party seeking such a writ be forthright in the allegations contained in its brief. Compounding the inattentive pleading in this case is the fact that Nationwide Mutual also was a party in this Court's prior Kaufman case, and was represented by the same law firm involved in the Kaufman case. See SER Nationwide Mut. Ins. Co. v. Kaufman, 222 W.Va. 37, 658 S.E.2d 728 (2008). However, despite this background, Nationwide Mutual's writ of prohibition failed to discuss the Kaufman case in its brief before this Court and failed to accurately represent the circuit court's rulings in the case sub judice.
[11] Because this Court's disposition of this case is denial of the writ of prohibition on the basis that the rule to show cause was improvidently granted, this opinion does not reach the merits of the issue of the discoverability of confidential settlement agreements.