MONTY v WARREN HOSPITAL CORPORATION

Docket No. 73105. Argued January 9, 1985 (Calendar No. 17).—Decided April 16, 1985.

David L. Monty and members of his family brought an action in the Macomb Circuit Court against Warren Hospital Corporation, doing business as Kern Hospital, and Stuart G. Leff, D.P.M., and David S. Segel, D.P.M., surgeons who had operated on David Monty, and Bi-County Foot Surgeons, P.C., the surgeons' professional corporation. The plaintiffs sought damages for injuries arising from the surgery and alleged that the hospital breached an independent duty owed to the plaintiff by allowing surgery to be performed at its facility by physicians whom it knew or should have known to be incompetent. The hospital refused to provide the plaintiffs certain information during discovery regarding peer review of the surgeons, claiming immunity from disclosure. The court, Raymond R. Cashen, J., ordered the hospital to produce at an evidentiary hearing certain documents regarding the peer review of the surgeons and to identify the documents in open court to enable the court to determine whether the documents fell within the statutory privilege against compelled discovery. The Court of Appeals, WAHLS, P.J., and R. M. MAHER and HOOD, JJ., denied the hospital leave to appeal (Docket No. 71047). The hospital appeals.

In a unanimous opinion by Justice RILEY, the Supreme Court *held:*

A hearing to identify by date and author documents in the possession of the hospital and sought by the plaintiffs during the course of discovery to determine whether any of the information sought was privileged as records, data, or knowledge collected in connection with a peer review of the defendant surgeons within the hospital was proper. However, the hearing should not have been ordered to be conducted in open court

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 23 Am Jur 2d, Depositions and Discovery §§ 9, 29.

Discovery of hospital's internal records or communications as to qualifications or evaluations of individual physician. 81 ALR3d 944.

because the production of documents under such conditions could conceivably result in the disclosure of confidential information which would defeat the privilege. To guard against the possibility, the hearing should be held *in camera.*

1. Where, as in this case, it is claimed by a hospital that documents sought by a defendant are privileged from discovery as records of a peer review, some type of hearing is necessary to determine whether the documents fall within statutory protection. The trial court should not order a hearing in open court, however, because disclosure of confidential information could conceivably result, defeating the privilege. The preferable approach is to conduct the hearing *in camera.*

2. In determining whether the documents fall within the privilege, the trial court should bear in mind that mere submission of information to a peer review committee does not satisfy the collection requirement so as to bring the information within the protection of the statute. Also, in determining whether the committee in question was assigned a peer review function, thereby affording protection to the information collected, the court may wish to consider the hospital's bylaws and internal regulations and whether the committee's function involves current patient care or retrospective review. In addition, the documents sought must meet relevancy thresholds.

Affirmed in part, reversed in part, and remanded.

1. HOSPITALS — INTERNAL INVESTIGATIONS — PEER REVIEW RECORDS — DISCOVERY.

    A trial court may require a hearing to identify by date and author documents in the possession of a hospital and sought by a plaintiff during the course of discovery to determine whether any of the information sought is privileged as records, data, or knowledge collected in connection with a peer review of the hospital's staff physicians; the hearing should not be conducted in open court, however, as the production of documents under such conditions could conceivably result in the disclosure of confidential information, defeating the privilege; rather, the hearing should be held *in camera* (MCL 333.20175[5], 333.21515; MSA 14.15[20175][5], 14.15[21515]).

2. HOSPITALS — INTERNAL INVESTIGATIONS — PEER REVIEW RECORDS — DISCOVERY.

    A trial court, in determining whether information collected by a hospital in connection with a peer review of physicians granted staff privileges is privileged against discovery, should bear in mind that mere submission of information to a peer review committee does not satisfy the collection requirement so as to

bring the information within statutory protection; in determining whether the committee in question was assigned a peer review function, thereby affording protection to the information collected, the court may wish to consider the hospital's bylaws and internal regulations and whether the committee's function involves current patient care or retrospective review; in addition, the documents sought must meet relevancy thresholds (MCL 333.20175[5], 333.21515; MSA 14.15[20175][5], 14.15[21515]; GCR 1963, 310.1[1]).

*Gagleard, Addis, Imbrunone & Gagleard, P.C.* (by *Michael A. Gagleard*), for the plaintiffs.

*Schlussel, Lifton, Simon, Rands, Kaufman, Galvin & Jackier* (by *James C. Foresman*) for defendant hospital.

Amici Curiae:

*Honigman, Miller, Schwartz & Cohn* (by *Stuart M. Lockman* and *Joseph G. Nuyen, Jr.*) for Michigan Hospital Association.

*Kerr, Russell & Weber* (by *A. Stewart Kerr* and *Louis G. Corey*) for Michigan State Medical Society.

RILEY, J. Plaintiff David Monty underwent foot surgery by defendants Leff and Segel. Following the surgery, plaintiff and members of his family sued defendants, Bi-County Foot Surgeons, P.C., and the Warren Hospital Corporation, doing business as Kern Hospital. The hospital is our only appellant, and this matter comes to us on interlocutory appeal from the trial court's order that the defendant hospital produce certain documents for the court's inspection. Defendant objected, asserting a privilege against compelled disclosure under MCL 333.20175(5); MSA 14.15(20175)(5) and MCL 333.21515; MSA 14.15(21515).

The assertion of this privilege arose in the

course of pretrial discovery relating to plaintiffs' demand for the production by defendant hospital pursuant to GCR 1963, 310, of:

Any and all personnel records and any records whatsoever pertaining to Defendant Dr. Stuart Leff and Defendant Dr. David Segel.

Defendant's objection to this demand was premised on the claim that not only was the demand overly broad but, more particularly, the documents sought were generated by its peer review committee and thus were privileged under MCL 333.20175; MSA 14.15(20175) and MCL 333.21515; MSA 14.15(21515), which provide in pertinent part:

(5) The records, data, and knowledge collected for or by individuals or committees assigned a professional review function in a health facility or agency are confidential, shall be used only for the purposes provided in this article, are not public records, and are not subject to court subpoena. [§ 20175(5).]

The records, data, and knowledge collected for or by individuals or committees assigned a review function described in this article are confidential and shall be used only for the purposes provided in this article, shall not be public records, and shall not be available for court subpoena. [§ 21515.]

A motion to compel production of the requested documents was denied by the court and was followed by a second set of interrogatories which requested the following information:

(1) The number of physicians whose staff privileges have been revoked for incompetency, lack of training, experience or qualifications; (2) The name

of each such physician and the date of revocation; (3) The number, name and date of physicians whose staff privileges were suspended for the reasons stated above since 1970; (4) The number, nature, name and effective date of all disciplinary actions whatsoever against staff physicians since 1970; (5) All disciplinary actions initiated, name, and dates, since 1970.

In addition, plaintiffs filed a notice of deposition directing the hospital's vice president to bring to the deposition "any and all records, documents, notes, memoranda, and any written materials whatsoever regarding Drs. Leff and Segel maintained by the hospital, for example, credential committee, pay [sic] review committee, records committee, tissue committee and executive committee from 1970 to date."

Defendant filed an objection to the interrogatories, as it had for the motion to produce, premised on §§ 20175(5) and 21515, which they alleged provided absolute immunity from judicial process. They argued further, however, that the documents sought would not be admissible into evidence under the court rules (GCR 1963, 310) since the evidence was irrelevant to the issue raised in plaintiffs' complaint, the pertinent paragraph of which is set forth as follows:

In the Defendant, Warren Hospital Corporation d/b/a Kern Hospital, through its agents, servants, and/or employees permitting Defendants, Leff and/or Segel, to perform surgery upon patients such as Plaintiff herein, David Monty, when Defendant, Warren Hospital Corporation d/b/a Kern Hospital, through its agents, servants, and/or employees knew or in the exercise of reasonable care should have known that Defendant Leff, and/or Defendant Segel, was (were) incompetent, unqualified or otherwise incapable of properly performing surgery . . . .

Regarding the records requested to be brought to the deposition, defendant advised plaintiffs that while it would produce its executive vice president for deposition, it would not permit him to produce the documents specified in the notice and would instruct him not to answer questions aimed at discovering any of the knowledge, data, or information summarized in the documents.

Following the hearing on plaintiffs' motion to compel discovery, the trial judge filed his opinion holding that he could not decide whether the information sought fell within the privilege provided by the statute without an evidentiary hearing to determine whether the documents sought were collected and compiled for or by persons or committees authorized to perform a review function under the statute, MCL 333.21513; MSA 14.15(21513). Pursuant thereto, the court scheduled a hearing at which defendant hospital was ordered to appear with all of the personnel records of defendants Leff and Segel and there *in open court* to identify each document in each file for the court and to provide such information as the court deemed necessary to enable the court to determine if the documents were privileged under the statute.

The Court of Appeals denied defendant's application for interlocutory appeal. Defendant next sought leave to appeal in this Court and we granted the application. 419 Mich 865 (1984).

Thus, we must examine the propriety of the procedure[1] ordered by the trial court to determine whether the information sought in the interrogato-

---

[1] "Now, therefore, it is hereby ordered that defendant, Warren Hospital Corporation, shall appear at a time and date to be set by this court for purposes of proceeding with an evidentiary hearing as provided for in this court's written opinion of September 27, 1982.

"It is further ordered that defendant, Warren Hospital Corporation,

ries and notice to produce is protected from discovery.

Defendant argues that an evidentiary hearing is not required to make a determination, as the notice to produce asks for records which were developed in conformity with the mandates of § 21513 which, according to § 21515, are privileged. Defendant also claims that the information sought in the interrogatories is statutorily protected as confidential.[2]

Plaintiffs defend the procedure ordered by the trial court. They claim that the burden is on defendant to show the applicability of the claimed statutory privilege to each document.

We agree with the trial court that some type of hearing is necessary to determine whether the documents fall within statutory protection.

A similar question was presented in *Marchand v Henry Ford Hospital,* 398 Mich 163; 247 NW2d 280 (1976). There, the plaintiff appealed an order which sustained the defendant hospital's objection to answering certain interrogatories, which objection was based on § 12(2)[3] of 1968 PA 17; MCL

shall appear at such time through an appropriate corporate officer who shall bring with him or her *the personnel files of defendants,* Stewart G. Leff, DPM and David S. Segel, DPM, and that at such hearing, Warren Hospital Corporation shall, in open court, identify each document contained in each such file by date and author, and shall further provide such additional information as the court deems appropriate to allow the court to determine if such documents fall within the purview of the statutory privileges alleged by defendant, Warren Hospital Corporation." (Emphasis added.)

[2] Defendant Warren Hospital Corporation only addresses the interrogatory issue in a footnote. In its answer to the interrogatories, it claimed that the information sought was "collected or compiled for or by the Executive Committee of the Medical Staff and the decisions and/or conclusions of that Committee and/or the Board of Trustees of Kern Hospital [also known as Warren Hospital Corporation] in carrying out review functions mandated by the Michigan Public Health Code."

[3] MCL 331.422; MSA 14.1179(12), the predecessor of MCL 333.21513; MSA 14.15(21513) and MCL 333.21515; MSA 14.15(21515), provides in pertinent part:

331.411 *et seq.;* MSA 14.1179(1) *et seq.* Pursuant to the following order at 394 Mich 906 (1975), this Court remanded *Marchand* for a hearing:

> On order of the Court, leave to appeal having been granted, briefs presented and arguments heard, this cause is remanded to the Circuit Court for the County of Wayne for further hearing(s) to permit the parties an opportunity to disclose more fully on the record why the information sought by interrogatories 6 and 7 does or does not deserve the protection provided by MCLA 331.422; MSA 14.1179(12).
>
> The Court anticipates that subsequent to the hearing(s) the record will disclose whether data had been collected relative to the challenged treatment and, if collected, whether it was for the purpose of review as protected by the hospital licensing act. Further, if no data were collected, the record is expected to disclose the extent of the burden which would be imposed upon the hospital if required to gather such.
>
> The Court also anticipates that the record will reflect what, if any, relevancy the requested data may have to the death of Duane C. Marchand.

"(1) The governing body of each hospital shall be responsible for the operation of the hospital, the selection of the medical staff, and for the quality of care rendered in the hospital. The governing body shall cooperate with the director of public health in the enforcement of this act; insure that all physicians and other personnel for whom a state license or registration is required are currently licensed or registered; insure that physicians admitted to practice in the hospital are granted hospital privileges consistent with their individual training, experience and other qualifications; and insure that physicians admitted to practice in the hospital are organized into a medical staff in such a manner as to effectively review the professional practices of the hospital for the purposes of reducing morbidity and mortality and for the improvement of the care of patients provided in the institution. This review shall include but shall not be limited to the quality and necessity of the care provided and the preventability of complications and deaths occurring in the hospital . . . .

"(2) All records, data and knowledge collected for or by individuals or committees assigned this review function after certification by the director are confidential and shall be used only for the purposes provided in this act, shall not be public records and shall not be available for court subpoena."

> This remand also will afford the circuit judge an opportunity to detail more fully the basis of his order regarding interrogatories 6 and 7.
>
> It is further ordered that this Court retain jurisdiction and that final disposition be held in abeyance pending the completion of the hearing(s) on remand and the filing of the supplemental record and findings of the trial judge with this Court.
>
> The parties will be informed if the Court requires further briefing.

Thus, as in *Marchand,* we affirm the trial court's order for a hearing, but we reverse the order insofar as it mandates that the hearing be conducted in *open court.* To require production of the documents in open court in order to establish applicability of the privilege could conceivably result in disclosure of confidential information, thereby defeating the privilege. We prefer an *in camera* hearing to guard against this possibility.

We believe it is proper for the trial court to require identification of the documents by date and author. In *Serafin v Peoples Community Hospital Authority,* 67 Mich App 560; 242 NW2d 438 (1976), *lv den* 397 Mich 880 (1976), the Court of Appeals held that MCL 331.422; MSA 14.1179(12), the predecessor of § 21515, did not bar answers to interrogatories which asked only whether, when, and where a death conference was held, who took the notes, and under whose custody the notes were held.[4] *Serafin,* p 567.

In determining whether any of the information requested is protected by the statutory privilege, the trial court should bear in mind that mere submission of information to a peer review committee does not satisfy the collection requirement so as to bring the information within the protec-

---

[4] The statute did, however, bar the subpoena of the notes or records. 67 Mich App 567.

tion of the statute. *Marchand, supra,* 168. Also, in deciding whether a particular committee was assigned a review function so that information it collected is protected, the court may wish to consider the hospital's bylaws and internal regulations, and whether the committee's function is one of current patient care or retrospective review. Compare *Davidson v Light,* 79 FRD 137 (D Colo, 1978), with *Bredice v Doctors Hospital, Inc,* 50 FRD 249 (D DC, 1970), *aff'd without opinion* 156 US App DC 199; 479 F2d 920 (1973). See *Coburn v Seda,* 101 Wash 2d 270, 277; 677 P2d 173 (1984).

Further, the court should be mindful of GCR 1963, 310.1(1),[5] which, *inter alia,* restricts discovery and production of documents to those "relevant to the subject matter involved in the pending action. . . ."

Affirmed in part; reversed in part. Remanded to the trial court for further proceedings consistent with this opinion.

WILLIAMS, C.J., and LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with RILEY, J.

---

[5] ".1 Power of Court. After commencement of an action the judge of the court in which the action is pending may, upon motion of any party and upon notice to all other parties, and subject to the provisions of sub-rule 306.2:

"(1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any reasonably designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, relevant to the subject matter involved in the pending action and which are in his possession, custody, or control . . . ."

This provision is now MCR 2.302(B)(1).